# UNITED STATES DISTRICT COURT

for the

Western District of Washington

In the Matter of the Seizure of

*(Briefly describe the property to be searched
or identify the person by name and address)*
Apple iPhone 11, Apple iPad, Apple MacBook Pro, SanDisk
branded 16GB thumb drive, and Unbranded USB 3.0 thumb drive
more fully described in Attachment B.

)
)
)
)
)
)

Case No.  **2:22-mc-00060-SKV**

## APPLICATION FOR A SEIZURE WARRANT

I, a federal law enforcement officer or an attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

located in the _____ Western _____ District of _____ Washington _____ , there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B, incorporated herein by reference.

The basis for the seizure under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C §§ 1956(h), 1956(a)(1)(B)(i) | Conspiracy to Commit Money Laundering (Concealment) |
| 18 U.S.C. § 1956(a)(1)(B)(i) | Money Laundering (Concealment) |
| 18 U.S.C. § 875(c) | Interstate Transmission of a Threatening Communication |

The application is based on these facts:

✔ See Affidavit of HSI Special Agent Dylan Critten, continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Pursuant to Fed. R. Crim. P. 4.1, this warrant is presented: ☑ by reliable electronic means; or: ☐ telephonically recorded.

s/Dylan Critten

*Applicant's signature*

Dylan Critten, Special Agent, HSI

*Printed name and title*

○ The foregoing affidavit was sworn to before me and signed in my presence, or
◉ The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone.

Date: ___7/13/2022___

*Judge's signature*

City and state:  Seattle, Washington

S. Kate Vaughan, United States Magistrate Judge

*Printed name and title*

**ATTACHMENT A**

The Subject Devices, set forth in Attachment B, are currently stored in evidence at the office of Homeland Security Investigations, Blaine, Washington, located at 1380 Commerce Place, Ferndale, Washington.

**ATTACHMENT B**

**<u>Subject Devices</u>**

1. Apple iPhone 11 named "Ensight's iPhone"

   Serial Number GV4DN3AFN735


2. Apple iPad named "Dhruv's iPad"

   Serial Number GG7CRFMNMF3Q

   IMEI 356809115582243


3. Apple MacBook Pro

   Serial Number C1MN6DZHDTY3


4. SanDisk branded 16GB thumb drive


5. Unbranded USB 3.0 thumb drive

## AFFIDAVIT OF SPECIAL AGENT DYLAN CRITTEN

STATE OF WASHINGTON        )
                           )
COUNTY OF KING             )

I, Dylan Critten, a Special Agent with Homeland Security Investigations (HSI), being duly sworn, hereby depose and state as follows:

### AFFIANT BACKGROUND

I am a Special Agent with the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) and have been since December 1, 2009. In my experience in federal law enforcement, I have participated in and conducted numerous complex criminal investigations including investigations of India-based call centers engaged in various telephone and email extortion schemes. I received extensive instruction and training at the Federal Law Enforcement Training Center (FLETC) relating to general investigative techniques, electronic surveillance, rules of evidence and legal principles and statutes pertaining to criminal violations of federal law, including but not limited to, U.S. customs and immigration offenses, money laundering, currency violations, wire fraud, mail fraud, conspiracy and document and benefit fraud.

By virtue of my employment as a Special Agent, the federal crimes I am assigned to investigate include, but are not limited to, violations of 18 U.S.C. § 371 (conspiracy), 18 U.S.C. § 1001 (false statements), 18 U.S.C. § 1028 (identity theft), 18 U.S.C. § 1028A (aggravated identity theft), 18 U.S.C.§ 1343 (wire fraud), 18 U.S.C. § 1344 (bank fraud), and 18 U.S.C. § 1956 (money laundering). As a Special Agent I am personally familiar

with and have used all normal methods of investigation, including, but not limited to, visual surveillance, electronic surveillance, informant and witness interviews, interrogation, and undercover operations.  I have performed various tasks, which include, but are not limited to: functioning as a surveillance agent; participating in the tracing of monies and assets obtained by illicit activities within the United States and abroad; interviewing witnesses, cooperating individuals and informants; functioning as a case agent; authoring and executing Federal search warrants for evidence of crimes against the United States; and participation in the arrests of numerous individuals for violations of the United States Code.

## INTRODUCTION AND PURPOSE OF AFFIDAVIT

1.     The purpose of this Seizure Warrant is to take custody of the Subject Devices, set forth in Attachment B, which were taken on June 23, 2022, from the person of Dhruv Jani, who is the charged defendant in United States v. Dhruv Jani, Case No. 22-cr-00202-RM filed in the United States District Court for the District of Colorado.  The subject devices are currently stored at Homeland Security Investigations (HSI) Blaine, Washington (located at 1380 Commerce Place, Ferndale, Washington) as described in Attachment A.

## SUMMARY OF CASE

2.     Your affiant is assisting in the prosecution of a Call Center case originating in India that has been charged in the District of Colorado, Case No. 22-cr-00202-RM.

In this scheme, victims are contacted by phone and coerced into believing that they are under investigation by "Agents" of the FBI, SSA, DHS, Treasury, or U.S. Drug Enforcement Administration (DEA).  Often the victims are told that their arrest and/or

deportation from the United States had been ordered by law enforcement and is imminent, and the only way to avoid arrest is to pay the "Government" large sums of money as instructed.

In a typical scenario, the "Agent" informs a victim that their identity has been connected to a criminal incident and instructs the victim to remain on the phone for the duration of the call while the victim goes to the bank to withdraw cash (U.S. Currency). The "Agent" then convinces the victim to package the cash in a specific manner and ship the cash to an alleged government official via Federal Express (FedEx) or United Parcel Service (UPS), both interstate commercial carriers.   The victims are told their money will remain in "trust" until the matter can be sorted out.  The victims report that they believed they were speaking to legitimate U.S. Government officials and that paying the fees would alleviate their alleged criminal liability.

To date, the investigation has identified a number of individuals nationwide, referred to as "runners," whose role in the scheme was to receive the cash sent from the defrauded victims. Three runners are the subject of this prosecution:  Dhruv Jani ("JANI"), an Indian national, James Albert Witte ("WITTE"), a U.S. Citizen, and Jason Lee Henderson ("HENDERSON"), a U.S. Citizen.

At the time of the events described below, all three individuals were residing in Colorado.

On June 21, 2022, JANI was charged by indictment in the United States District Court, District of Colorado (Case No. 22-cr-00202-RM) with one count of conspiracy to

commit money laundering in violation of Title 18, United States Code, Sections 1956(h) and (a)(1)(B)(i), five counts of money laundering in violation of  Title 18, United States Code, Section 1956((a)(1)(B)(i) (concealment), and one count of Interstate Transmission of a Threatening Communication in violation of Title 18, United States Code, Section 875(c). WITTE and HENDERSON were not charged in this indictment for fear they would tip JANI off prior to his arrival in the United States, detailed below.  Charges against WITTE and HENDERSON are imminent.

Evidence shows that JANI coordinated the receipt and pickup of packages and operated in a management role overseeing WITTE and HENDERSON, who used various fraudulent identity documents to receive the packages.  JANI was involved in securing these fraudulent identity documents for WITTE and HENDERSON.

Your affiant and other agents working this investigation have identified 54 victims of this scheme who mailed packages totaling approximately $1.5 million in cash to Colorado.  These victims provided the agents with the names of the "government agents" to whom they were directed to mail packages of cash, and the manner of shipping (FedEx or UPS).  The agents tracked down these packages as being delivered in almost all incidents to Walgreens stores in Northern Colorado (Sterling, Wray, Greeley, Loveland, Fort Collins, Fort Morgan, and a few in Denver).  The agents then obtained video surveillance from these stores and tied WITTE and HENDERSON to specific false identification cards used to pick up the packages.

WITTE was detained in a traffic stop by Sterling Police Department, in Sterling,

Colorado, on November 4, 2020, after a package shipped via UPS in relation to this scheme was interdicted at the local UPS shipping hub.   The package, which contained U.S. Currency, was sent by a victim of the government impersonation scam from University Place, Washington with the initials D.A.

During the stop, WITTE allowed the responding officers to view his WhatsApp communication on his phone with an individual named 'Kal Jani' for whom WITTE claimed to be picking up the package.

The agents identified 'Kal Jani' as Dhruv Jani ("JANI"), a B1/B2 Non-Immigrant Visa holder from India.  Further investigation confirmed JANI's role in the scheme as well as that of WITTE and HENDERSON.

On November 11, 2020, one week after WITTE was detained, JANI took a flight to India.

Sterling PD dismissed its investigation in favor of this federal investigation.

**JANI's return to the United States**

Apparently believing he had escaped the possibility of being charged by the state for his role in this scheme, Jani decided to return to the United States and eventually to the District of Colorado in hopes of rekindling his marriage to a woman with the initials R.S. (the victim named in Count 7 of the indictment).  On June 23, 2022, he presented at the United States Port of Entry in Blaine, WA, after having flown from India to Canada, and traveled by bus from Vancouver to Blaine.  He was arrested at that time pursuant to an arrest warrant issued out of the District of Colorado on June 21, 2022.  His initial

appearance occurred that afternoon before the Honorable Magistrate Judge S. Kate

Vaughan in the United States District Court for the Western District of Washington. On

June 28, 2022, Jani stipulated to detention before the Honorable Magistrate Judge Brian

A. Tsuchida, was remanded to the custody of the US Marshal's Service, and is currently

in transport to Denver, CO to face trial in this case.

### Subject Devices

When JANI presented at the port of entry in Blaine, WA for inspection and entry

into the United States from Canada, your affiant conducted a manual Customs border

search for digital contraband on JANI'S electronic devices.  These devices included the

following:

1.  Apple iPhone 11 named "Ensight's iPhone"

    Serial Number GV4DN3AFN735


2.  Apple iPad named "Dhruv's iPad"

    Serial Number GG7CRFMNMF3Q

    IMEI 356809115582243


3.  Apple MacBook Pro

    Serial Number C1MN6DZHDTY3


4.  SanDisk branded 16GB thumb drive

6

5.  Unbranded USB 3.0 thumb drive

During the manual search for digital contraband, your affiant identified evidence pertaining to multiple indicted fugitives and criminal call center conspirators known to your affiant.  The manual border search was terminated, and the digital devices were seized as evidence of the instant offenses and stored in evidence at HSI Blaine, Washington (1380 Commerce Place, Ferndale, Washington).

Your affiant seeks the instant seizure warrant in order to take possession of these devices currently stored in evidence at HSI Blaine and to transport them to the District of Colorado to be stored at HSI Denver (5445 DTC Parkway, Suite 600, Greenwood Village, Colorado 80111).  Once in that district, a search warrant will be sought so that these devices may be imaged by a forensic expert at HSI Denver (5445 DTC Parkway, Suite 600, Greenwood Village, Colorado 80111).  This expert will be called to testify at trial in the District of Colorado as to the examination and contents of these devices.  To allow for the search to take place in the District of Colorado will alleviate the need for an expert in Washington to conduct the examination and be called to testify in and travel to the District of Colorado.

## **CONCLUSION**

3.      WHEREFORE, Your Affiant respectfully requests that this Court order that the Subject Devices, as set forth in Attachment B, may be seized from the location set

//

7

1   forth in Attachment A, and transported to the District of Colorado for use in the

2   prosecution of Case No. 22-cr-00202-RM.

3

4

5   _____

6   DYLAN CRITTEN, Affiant
    SPECIAL AGENT, HSI

7

8

9   SUBSCRIBED AND SWORN before me this __13th__ day of July, 2022.

10

11  _____

12  THE HONORABLE S. KATE VAUGHAN
    United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28